IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES GUY MENARD, | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-2130 |
| | : | |
| N. MANSI, *et al*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                                                                                MAY 27, 2021

Charles Guy Menard, a prisoner currently incarcerated at FDC-Philadelphia ("FDCP"), has filed a *Bivens* action[1] naming numerous employees of FDCP, criminal defense attorneys and an Assistant United States Attorney as Defendants. Mr. Menard also seeks to proceed *in forma pauperis*. For the following reasons, the motion to proceed *in forma pauperis* will be granted and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**

Mr. Menard's allegations are brief. He asserts that two undercover agents from Collier County, Florida brought him to the United States Marshal in Fort Meyers, Florida on December 4, 2019 alleging they had an arrest warrant issued in Philadelphia, Pennsylvania. (ECF No. 2 at 5-6.)[2] They allegedly showed him no paperwork. (*Id.* at 6.) He asserts that unspecified

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

Defendants tried to defraud him. (*Id.*) He claims he received no medical treatment and has suffered mental anguish due to separation from his family, but asserts no other facts about medical treatment. (*Id.*)

Mr. Menard alleges that Defendant N. Mansi grabbed his neck and tried to choke him while he was handcuffed at FDCP on April 2, 2020. (*Id.* at 11.) Defendant Ms. Nelson allegedly denied him medical care from March to August 2020. (*Id.*) No other details are asserted with regard to either of these events. Menard also appears to allege that he was sentenced to the loss of commissary privileges for 120 days when he was told at a disciplinary hearing that he would lose them for 90 days. (*Id.*) Attached to the Complaint is a disciplinary hearing report indicating that Menard was found guilty of an assault on a staff member that occurred on April 2, 2020. (ECF No. 2-1 at 10.) The report states Menard was sentenced to 30-days disciplinary segregation and the loss of commissary privileges for 120 days. (*Id.* at 11.)

In addition to N. Mansi and Ms. Nelson, Mr. Menard names as Defendants "Commissary Manager," "Laundry Manager," the United States, Amy Montemaramo, Caroline Cinquanto, Medrano Jennifer, Tad Parks, William Brennan, Patricia Currant, Tammy Villanueva, Corie Foster, David Ignall, and Jonathan Lufft. (ECF No. 2 at 2-4.) Other than list them in the Complaint, Menard makes no allegations concerning any of these Defendants. He asserts that the Defendants violated his rights under the First, Fourth, Fifth, Ninth and Thirteenth Amendments (*id.* at 3) but does not assert any facts to support a plausible claim for violation of any of these provisions. He seeks $20 million in damages. (*Id.* at 6.)

A review of public records reveals that Guy Menard Charles, a.k.a. Guy Menard, was indicted and an arrest warrant was issued on January 29, 2019 on charges of conspiracy to defraud the United States, aggravated identity theft, and related charges. *United States v. Charles*, Crim. No. 19-63 (E.D. Pa.). Menard has been represented in that criminal case at

different times by Defendants Caroline Cinquanto, Jonathon L. Luff, Jr.[3], and William Brennan. Defendant David J. Ignall is the Assistant United States Attorney. Menard was released on bond on April 19, 2019, but an arrest warrant was issued on November 21, 2019 due to his non-compliance with the conditions of his bail. He was arrested on the warrant on December 4, 2019. The charges remain pending.

## II. STANDARD OF REVIEW

The Court grants Menard leave to proceed *in forma pauperis* since he appears unable to pay the filing fee.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Menard is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against the United States

Menard names the United States as a Defendant, presumably seeking to bring a claim for money damages for constitutional violations. *Bivens* claims against the United States are,

---

[3] "Jonathan Lufft" appears to be a misspelling of Jonathon L. Luff, Jr.

[4] As Menard is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

however, barred by sovereign immunity, absent an explicit waiver. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 72 (2001); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 n. 11 (1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir.1979). Accordingly, all claims against the United States are dismissed with prejudice.

### B. Claims Against Defendant Ignall

Menard has named AUSA Ignall as a Defendant but states no actual facts upon which he alleges liability against Ignall. It appears however, Menard has sued Ignall based on his actions as the prosecutor in Menard's criminal case. To that extent, the claim is dismissed with prejudice. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, No. 19-1066, 2020 WL 1921611, at *6 (3d Cir. Apr. 20, 2020). Although *Imbler* was a suit against a state prosecutor filed pursuant to 42 U.S.C. § 1983, the United States Court of Appeals for the Third Circuit has held that public policy mandates that a similar immunity be extended to federal prosecutors in *Bivens* actions. *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976). Accordingly, the claims against Ignall are dismissed.

### C. Claims Against Defense Attorneys

Menard names Caroline Cinquanto, Jonathon L. Luff, Jr., and William Brennan, each of whom have served at various times as his defense attorney in his criminal case. Neither a privately-retained defense attorney nor a public defender act under color of federal law for

4

purposes of a *Bivens* action when the attorney performs the traditional functions of counsel. *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) (*per curiam*). Accordingly, these claims are also dismissed.

> D. **Medical Deliberate Indifference Claim**

The United States Supreme Court has specifically allowed *Bivens* claims to be brought against federal prison officials in the context of an allegation of deliberate indifference to a serious medical claim. *Carlson v. Green*, 446 U.S. 14 (1980). For purposes of the Eighth Amendment, courts have held that a prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Here, Menard asserts that Defendant Nelson denied him medical care from March to August 2020. Other than this conclusory allegation, however, Menard fails to state what medical care he required, if Nelson was aware of his need for medical care, what medical care Nelson

5

refused, delayed, or prevented him from receiving, or any other factual basis of his claim. (*Id.*) Accordingly, the claim against Nelson is not plausible and must be dismissed.

To the extent that Menard seeks to assert a deliberate indifference claim against any other named federal employee Defendant, those claims are also not plausible. A *Bivens* cause of action based on a theory of deliberate indifference to a prisoner's proper medical care cannot generally lie against persons who had no direct involvement in that medical treatment. *Accord Balter v. United States*, 172 Fed. App'x 401, 403 (3d Cir. 2006). Rather, a plaintiff must allege plausibly that each official he has named violated his constitutional rights "through the official's own individual actions." *Iqbal*, 556 U.S. at 676.

Thus, to be plausible, a *Bivens*-based deliberate indifference claim must allege that a Defendant personally refused, delayed, or prevented Menard from receiving medical care. *See Pressley v. Beard*, 266 Fed. App'x 216, 218 (3d Cir. 2008) (finding that the district court properly dismissed prison officials who were sued "based on their failure to take corrective action when grievances or investigations were referred to them"); *Jackson v. Grondolsky*, Civ. A. No. 09-5617, 2011 WL 13704 at *1 n. 1 (D.N.J. Jan. 3, 2011) (surveying applicable Third Circuit precedent regarding supervisory liability in the prisoner medical treatment context and holding that no cause of action against a prison warden would lie where the only allegation supporting the claim was that the warden failed to take action after being presented with plaintiff's administrative grievances); *Garvey v. Martinez*, Civ. A. No. 08-2217, 2010 WL 569852 at *7 (M.D. Pa. Feb.11, 2010) (rejecting prisoner's *Bivens* deliberate indifference claim against defendant prison warden where the warden was not personally involved in decisions regarding plaintiff's medical care and became aware of plaintiff's situation solely through the administrative grievance process) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)); *Whetstone v. Ellers*, No. 08-2306, 2009 WL 3055354 at *8 (M.D. Pa. Sept.24, 2009) ("In the

Third Circuit, merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim.").

Because Menard does not describe how any other named Defendant was involved in the alleged denial of medical care, the claims against those Defendants must also be dismissed. However, since the Court cannot say at this time that Menard can never state a plausible deliberate indifference claim against Nelson or other federal employee Defendants, the claims against all Defendants will be dismissed without prejudice and Menard will be granted leave to file an amended complaint if he can cure the defects in his deliberate indifference claims that the Court has identified.

### E. Non-medical Conditions of Confinement Claims

Menard may be seeking to assert non-medical conditions of confinement claims against Defendant Mansi based on an alleged physical assault. He claims that Mansi grabbed his neck and tried to choke him while he was handcuffed.

Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200. The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and, (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment, *Carlson*, 446 U.S. 14. Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017), a "rigorous inquiry . . . must be

7

undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200; *see also Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *2 (3d Cir. May 21, 2021) (stating that "while *Bivens* claims are disfavored, they do not automatically fail").

Courts have held that *Bivens* will not be extended to reach "non-medical care conditions of confinement" claims filed by prisoners in federal custody, *see, e.g., Venizelos v. Bittenbender*, Civ. A. No. 19-1219, 2020 WL 7775457, at *7 (M.D. Pa. Dec. 8, 2020), *report and recommendation adopted*, 2020 WL 7773905 (M.D. Pa. Dec. 30, 2020) (dismissing *Bivens* non-medical care conditions of confinement claim because it was "meaningful[ly] differen[t]" from the Eighth Amendment deliberate indifference claims based on the denial of medical care recognized in *Carlson*); *Freedland v. Mattingly*, Civ. A. No. 20-81, 2021 WL 1017253, at *9-10 (M.D. Pa. Mar. 17, 2021) ("This Court agrees with the District of New Jersey's conclusion that Plaintiff's [non-medical] Eighth Amendment claims . . . present new *Bivens* contexts subject to the analysis set forth in *Ziglar*."); *Oneil v. Rodriguez*, Civ. A. No. 18-3287, 2020 WL 5820548, at *3–5 (E.D.N.Y. Sept. 30, 2020) (declining to extend *Bivens* to Eighth Amendment excessive force claim). The Court will not reach that issue because, even assuming a *Bivens* action is appropriate here, Menard has not alleged a basis for a non-medical claim against any Defendant with sufficient precision to permit the Court to understand the nature of his claims. His allegation that Defendant Mansi choked him also lacks sufficient detail to permit the Court to determine at this time whether the claim can proceed since Menard fails to allege that he suffered any physical injury from the incident. *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (holding that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury"). Because the Court cannot say at this time that Menard can never assert a plausible *Bivens* claim, the

balance of the claims will be dismissed without prejudice and with leave to file an amended complaint if he is able to cure the defects the Court has identified.

## IV. CONCLUSION

For the reasons stated, Mr. Menard's Complaint will be dismissed in part with prejudice and in part without prejudice. His claims against Defendants Ignall, Cinquanto, Luff, and Brennan, based on their actions as either a prosecutor or defense attorney in Menard's criminal case, are dismissed with prejudice. All other claims are dismissed without prejudice. Specifically, Menard's medical-based claims are not plausible because he has failed to allege other than in conclusory terms how any named Defendant denied, delayed, or prevented him from receiving medical care. His non-medical claims against federal employee Defendants are not plausible because, even assuming the existence of a *Bivens* claim, they are not pled with sufficient specificity for the Court to determine how any of the named Defendants were personally involved in the alleged constitutional violations..

Menard will be granted leave to file an amended complaint if he is capable of curing the defects the Court has identified in the claims dismissed without prejudice. An appropriate Order follows containing additional instructions on filing an amended complaint.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
*_____*
**GERALD A. McHUGH, J.**